MARTIN NESTAL v. BARTHOLOMEW SCHMID.

1. Upon a trial before the Court of Common Pleas, the mere noting of an objection to incompetent testimony, without asking a distinct ruling of the court upon its admissibility, affords no ground for an assignment of error, that the said testimony was improperly admitted.
2. S. contracted with N., in writing, to sell a house and lot, the deed to be executed at a future time.  S. made another oral agreement with N., that N. should have possession of the premises until the delivery of the conveyance, paying therefor $70, and N. took possession. *Held*—that the contracts are distinct; that the relation of landlord and tenant existed between S. and N. up to the time of the delivery of the conveyance, and an action for use and occupation will lie.

---

This suit is upon *certiorari*, directed to the Common Pleas of Burlington county.

The action was for the recovery of the sum of $70, for the use and occupation of a house and lots in Riverside.    The return to the writ contains the state of demand, an offset for $50 and interest, the evidence taken at the trial, and the rule for judgment in favor of the plaintiff below.

It appears that, by an agreement made on the 12th of June, 1873, Schmid, for $50 then paid, and the further sum of $400, to be paid when the deed was executed, sold to said Nestal the said property, subject to a mortgage of $550. It was stipulated that, should Nestal fail to comply with this agreement, he was to forfeit the first payment of $50. This agreement was not effectuated. On the 7th of July following, another agreement was entered into, by which Nestal was to pay $400 in cash, and give a mortgage for $600, on the 1st day of July, 1874, when the deed was to be delivered.

Schmid swears that Nestal agreed to pay him interest on the $1000 consideration for the property, for one year, for Nestal's use and occupation of the property previous to the delivery of the deed, and that Nestal moved into the premises in August, 1873.

The claim of $50 as an offset, by the defendant, was the sum paid upon the original agreement. Schmid claims that this sum was forfeited, and Nestal, that it should be repaid.

Argued at June Term, 1877, before Justices SCUDDER, DIXON and REED.

For the plaintiff in *certiorari, A. Flanders.*

For the defendant, *C. E. Hendrickson.*

The opinion of the court was delivered by

REED, J.  The court below has returned all the evidence taken at the trial. Only so much of the testimony should have been sent up as was essential to disclose the correctness of any ruling of the court relative to the admission or exclusion of evidence, or the legality of a charge to the jury. Beyond that, this court only wish the finding of facts by the court below.

If those findings are violative of no legal principle, and if the rulings are otherwise correct, we cannot reverse, whatever the weight of testimony may have been. This rule has been

enunciated repeatedly since the case of *Angus* v. *Radin*, 2 *South*. 815.

Where all the testimony is erroneously sent up, and the counsel have argued and the court consented to hear the cause upon it, the only question concerning questions of fact is, whether there is any legal testimony to support the conclusion of the court below.

The first point relied on to reverse the judgment is, that the action below was for use and occupation, and that there was no holding as tenant by Nestal. It is urged that the entry of Nestal in August was made under his contract of purchase, and, therefore, there was no contract, express or implied, upon which the action can be based. *Brewer* v. *Wyckoff*, 3 *Harr*. 214.

The testimony of Schmid is, however, to the effect that Nestal promised to pay $70 for such use. Here was evidence from which the court could find an express contract, which will undoubtedly support the action.

That this evidence was contradicted, or how forcibly it was contradicted, are matters which we cannot consider.

And I think it is clear that this parol agreement is not inadmissible as varying the written agreement of sale and purchase. The written agreement was silent as to the use of the property up to the time of the delivery of the deed. The title in, and the right of occupancy of, the said property, was still in the vendor.

The vendee could not enter except as a trespasser, without permission of Schmid. The vendor had the right to dispose of the term at his own volition. The contract for sale and the agreement for occupation were entirely distinct.

There was, therefore, no error in the entry of judgment for the consideration for such use, mentioned in the latter agreement. Nor do I find error in the disallowance of the set-off of $50.

By the testimony, if Nestal failed to perform his first contract for purchasing, of the 12th of June, by its terms he was to forfeit the first payment.

State, Parker, pros., v. Elizabeth.

Schmid swears that Nestal did fail to perform. The court had, therefore, evidence before them upon which to place their finding that the payment of $50 was irrecoverable.

It is also insisted that the court below admitted illegal evidence. It appears in the printed testimony of Schmid, thus: "A man told me the place was worth $1500. [Objected to.]" This case was tried before the court with no jury. In such instances, it is a frequent occurrence to note objections to testimony without ruling, at the moment, upon its competency. Because such objection appears noted in the progress of such a trial, it is not necessarily to be inferred that the court treated the testimony as legal, in finding their judgment. The insertion of the objection may be merely intended to call the attention of the court to its character, and requiring, at the time, no further notice by the court.

If the defendant below desired to have the benefit of a ruling upon its admissibility, I think he, before the conclusion of the trial, should have requested a ruling upon it, and so obtained the distinct judgment of the court upon its legality.

I see no error, and the judgment of the Common Pleas should be affirmed, with costs.